UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14001-TP-MARTINEZ/MAYNARD
CASE NO. 22-14002-TP-MIDDLEBROOKS/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEVERN CLEMON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS
TO VIOLATIONS ALLEGED IN SUPERSEDING PETITIONS**

    **THIS CAUSE** came before me on August 15, 2022. Having conducted a hearing, I recommend as follows:

    1.    On May 12, 2022, a Petition for Offender Under Supervision was filed in Case No. 22-14001-TP-Martinez/Maynard at Docket Entry 2. On May 17, 2022, a Petition for Offender Under Supervision was filed in Case No. 22-14002-TP-Middlebrooks/Maynard at Docket Entry 2. The Petitions charge a single identical violation (Violation Number 1). Defendant previously appeared before me for a hearing on both Petitions and admitted Violation Number 1. I issued a Report and Recommendation, which was adopted in both cases.

    2.    Superseding Petitions were subsequently filed in both cases (DE 18 in Case No. 22-14001-TP-Martinez/Maynard; DE 12 in Case No. 22-14002-TP-Middlebrooks/Maynard). On August 15, 2022, the Defendant appeared before me and admitted the violations alleged in the Superseding Petitions. The Superseding Petitions both allege the following violations:

**Violation Number 1**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On April 20, 2022, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 2**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 11, 2022, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 3**    **Violation of Mandatory Condition**, by refusing to submit to drug testing. On June 21, 2022, the defendant failed to submit to drug testing as scheduled by Code-A-Phone.

**Violation Number 4**    **Violation of Mandatory Condition**, by refusing to submit to drug testing. On July 5, 2022, the defendant failed to submit to drug testing as scheduled by Code-A-Phone.

**Violation Number 5**    **Violation of Mandatory Condition**, by refusing to submit to drug testing. On July 8, 2022, the defendant failed to submit to drug testing as scheduled by Code-A-Phone.

3. The Superseding Petition in Case No. 22-14002-TP-Middlebrooks/Maynard also adds an additional violation:

**Violation Number 6**    **Violation of Special Condition**, by failing to participate in a program of self-help or training as deemed necessary by the probation officer.

4. The Defendant previously admitted Violation Number 1. On August 15, 2022, the Defendant admitted Violation Numbers 2 through 6.

5. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

6.I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understood that if his admissions to the violations are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

7.The Government proffered a factual basis for the Defendant's admissions. The Defendant agreed that the facts proffered by the Government are true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that the proffered facts establish a sufficient factual basis to support the Defendant's admissions to Violation Numbers 2 through 6.

**ACCORDINGLY**, based upon the Defendant's admission under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in both Superseding Petitions, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>18th</u> day of August, 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE